Matter of Munoz v Almodovar (2019 NY Slip Op 04700)





Matter of Munoz v Almodovar


2019 NY Slip Op 04700


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-03494
2017-03496
 (Docket No. V-07952-14)

[*1]In the Matter of Oscar Munoz, petitioner-respondent,
v
Zoemy Almodovar, respondent; Izabella M. (Anonymous), nonparty-appellant.


Salvatore C. Adamo, New York, NY, attorney for the child, the nonparty-appellant.
William Whalen, New York, NY (Malikah Sherman of counsel), for petitioner-respondent.
Steven P. Forbes, Jamaica, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the child appeals from (1) an order of the Family Court, Queens County (Mildred T. Negron, J.), dated February 24, 2017 and (2) a decision of the same court dated February 27, 2017. The order dated February 24, 2017, granted the father's parental access petition to the extent of awarding him the right to liberal communication with the child by mail, email, and telephone, as well as additional parental access, including day visits and extended parenting time, as arranged by the parties.
ORDERED that the appeal from the decision dated February 27, 2017, is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order dated February 24, 2017, is affirmed, without costs or disbursements.
The parties married in 2002 and have one child, who was born in 2003. The parties never lived together. The mother and the child lived with the maternal grandmother, and the father lived with the paternal grandmother. The parties' relationship ended in 2009. In 2010, the mother commenced a divorce action, and the parties divorced in 2014. While a temporary order of parental access was issued in 2009, the father terminated his visits with the child in or around late 2011 due to the child's alleged refusal to participate. The parties differ regarding the reasons for the lack of contact between the father and the child.
On April 30, 2014, the father filed a petition in the Family Court, contending that it would be in the child's best interests for the father to have parental access with the child and that it was the mother who had always come between him and the child. After a fact-finding hearing and an in camera interview with the child, who was then almost 13 years old, the court awarded the [*2]father the right to liberal communication with the child by mail, email, and telephone in an effort to rebuild a relationship, as well as additional parental access including day visits and extended parenting time, as arranged by the parties. The child appeals (see Matter of Newton v McFarlane, ____ AD3d ____, 2019 NY Slip Op 04386 [2d Dept 2019])
"The determination of parental access to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the child" (Matter of Prego v Tecza, 169 AD3d 689, 689). "[A] noncustodial parent should have reasonable rights of [parental access], and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that [parental access] would be detrimental to the child" (Matter of Mera v Rodriguez, 73 AD3d 1069, 1069 [internal quotation marks and citation omitted]; see Cervera v Bressler, 50 AD3d 837, 839; Matter of Grisanti v Grisanti, 4 AD3d 471, 473). "The court's determination should not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Prego v Tecza, 169 AD3d at 689-690).
Here, the Family Court's determination that the depth of the estrangement between the father and the child justified an award permitting contact between the father and the child by mail, email, and telephone to reestablish the relationship, as well as additional parental access, including day visits and extended parenting time as arranged by the parties, has a sound and substantial basis in the record and will not be disturbed (see Matter of Prego v Tecza, 169 AD3d at 689-690; Boggio v Boggio, 96 AD3d 834). Moreover, in reaching its determination, the court accorded proper weight to the child's wishes (see Matter of Myers v Anderson, 100 AD3d 906, 907).
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court